**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**VICTORIA DIVISION**

| | | |
|---|---|---|
| **KENNETH E. GIBSON,** | § | |
| **TDCJ-CID No. 330435,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. V-10-024** |
| | § | |
| **RICK THALER,** | § | |
| | § | |
| **Defendant.** | § | |

**MEMORANDUM OPINION AND ORDER**

Kenneth E. Gibson, an inmate of the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), has filed a civil rights complaint against TDCJ-CID Director Rick Thaler alleging that he is being held without being afforded due process. (Dkt. No. 1 at 4.) Gibson requests that this Court declare his confinement unconstitutional and award him $ 80,000.00 for each year that he has been illegally confined. The Court will dismiss this action as frivolous.

Gibson alleges that Dallas County tried him in 1981 without appointing him an attorney or holding a probable cause hearing within 90 days of his arraignment. *Id.* He names Rick Thaler as defendant in this proceeding on the basis that Thaler is holding him in prison even though he has been denied due process. Gibson filed a similar civil rights complaint in which he alleged that he has been wrongly held beyond his release date. *Gibson v. Thaler, et al.*, V:10-cv-16. After reviewing Gibson's available records (http://www.tdcj.state.tx.us/offender_information.htm) and consulting with TDCJ-CID officials by telephone, the Court determined that the claim was factually baseless. The Court also found that the claim was barred because he was attempting to use a civil rights proceeding to challenge the validity of his confinement. *See Heck v. Humphrey*, 114 S.Ct. 2364 (1994).

Like the proceeding in No. V-10-16, Gibson has no standing to seek damages. When an inmate files a civil rights complaint which he challenges the legality of his confinement, he must show that the criminal judgment for which he is being held has been overturned on direct appeal or in a post-conviction application for a writ of habeas corpus. *See Heck*, 114 S.Ct. at 2372. By alleging that he has been denied due process relating to his conviction, Gibson challenges the validity of the trial court's judgment. *See Kutzner v. Montgomery County*, 303 F.3d 339 (5th Cir. 2002). As this Court has previously noted in No. V:10-16, there are no court records regarding Gibson that indicate he has been wrongly confined by TDCJ-CID. Consequently, his complaint is frivolous because it lacks an arguable basis in law. *Boyd v. Biggers*, 31 F.3d 279, 283 (5th Cir. 1994).

Even if Gibson were to show that he has been wrongly confined, he has failed to identify a defendant who has any direct connection to his confinement. "Personal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983) Gibson has only named the head of the prison system, Rick Thaler, and has only made a general statement, supported by no specific facts, that Thaler has denied him due process. This has no relevance to Gibson's allegations that he was denied counsel and a probable cause hearing at trial, and naming Thaler as a defendant merely because he is the head of an agency does not support a finding of liabilty. *Anderson v. Pasadena Independent School Dist.*, 184 F.3d 439, 443 (5th Cir. 1999); *Eason v. Thaler*, 73 F.3d 1322, 1327 (5th Cir. 1996) ("There is no respondeat superior liability under section 1983."). This action will be dismissed because it is frivolous. 28 U.S.C. § 1915(e).

Gibson has submitted an Application to Proceed In Forma Pauperis (Dkt. No. 2) which shall be granted.  Gibson shall pay the $ 350.00 filing fee in periodic installments as required by 28 U.S.C. § 1915(b).  The TDCJ-CID Inmate Trust Fund shall collect this amount from Gibson's trust account by deducting 20% from each deposit to the account and forward the money to the court in accordance with § 1915(b).  No initial partial fee shall be collected because the *in forma pauperis* data sheet (Dkt. No. 2-1) indicates that there were negligible funds ($ 0.08) in Gibson's account when the pauper's application was filed.

Gibson has also filed a Motion for Appointment of Counsel (Dkt. No. 7), which shall be denied because there is no constitutional right to appointed counsel in civil rights actions and the issues presented do not warrant such appointment.  *Baranowski v. Hart*, 486 F.3d 112, 126 (5th Cir. 2007); *Jackson v. Cain*, 864 F.2d 1235, 1242 (5th Cir. 1989).

## Conclusion

The Court **ORDERS** the following:

1.　　The Application to Proceed In Forma Pauperis (Dkt. No. 2) is **GRANTED**.

2.　　The TDCJ-CID Inmate Trust Fund shall collect the filing fee from the Inmate Trust Account of Kenneth E. Gibson, TDCJ-CID 330435, and forward the funds to the Clerk of this court pursuant to the provisions of 28 U.S.C. § 1915(b) and the terms of this Memorandum Opinion and Order.

3.　　All other motions, including the motion for appointment of counsel (Dkt. No. 7), are **DENIED**.

4.　　The prisoner civil rights complaint (Dkt. No. 1) filed by Kenneth E. Gibson, TDCJ-CID No. 330435, is **DISMISSED** as frivolous.  28 U.S.C. § 1915(e).

5.　　The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the parties; the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas 78711, Fax Number (512) 936-2159; the TDCJ-CID Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, Fax Number (936) 437-4793; and the Pro

Se Clerk's Office for the United States District Court, Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas  75702.

**SIGNED** on this 10th day of March, 2011.

JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE